IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr482-MHT |
| | ) | (WO) |
| WILLIAM RODRIQUEZ FORD | ) | |

OPINION AND ORDER

This case is before the court on a motion to continue filed by defendant William Rodriquez Ford. For the reasons set forth below, the court finds that jury selection and trial, now set for November 5, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7) to December 3, 2018.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Ford in a speedy trial. First, the court concludes that a continuance is

warranted to allow Ford's counsel a reasonable amount of time to prepare fully and effectively for trial. Defense counsel did not file a trial brief in anticipation that Ford was going to change his plea from not guilty to guilty. Ford gave the court notice of his intent to change his plea, but at his change-of-plea hearing on October 31, he decided not to change his plea. Second, the court concludes that a continuance is warranted to allow Ford to have a joint trial with his co-defendant Cyrus Phyfier on December 3. Ford believes a joint trial would be in his best interest given the facts and state of the evidence against him. A joint trial would also preserve judicial economy and duplicative evidence in separate trials. Moreover, the Speedy Trial Act excludes from the 70-day period a continuance granted to a co-defendant as to whom the time for trial has not run and no motion for severance has been granted. *See* 18 U.S.C. § 3161((h)(6). The court granted co-defendant Phyfier's motion to continue the trial from November 5

3

until December 3. Phyfier's time for trial has not run and no motion for severance has been filed.

***

Accordingly, it is ORDERED as follows:

(1) Defendant William Rodriquez Ford's motion to continue (doc. no. 285) is granted.

(2) The jury selection and trial for defendant Ford, now set for November 5, 2018, are reset for December 3, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 2nd day of November, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**