IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
     v.                     )         2:17cr482-MHT
                            )              (WO)
WILLIAM RODRIQUEZ FORD      )
```

ORDER

It is ORDERED that defendant William Rodriquez Ford's motions for compassionate release (Doc. 799, Doc. 804, and Doc. 843) and his motion for a status update (Doc. 922) are denied as moot.

Ford's motions were based on the health risks posed to him by the COVID-19 pandemic considering the conditions of confinement in the correctional facility where he was incarcerated at the time he filed the motions, combined with his health conditions of obesity, primary essential hypertension, and prediabetes, which he argued made him especially susceptible to complications of COVID. The Bureau of Prisons inmate locator (www.bop.gov/inmateloc) reveals, and the court has confirmed through its probation

department, that Ford has been placed on home confinement by the Bureau of Prisons. Because he is no longer subject to the same conditions of confinement and attendant health risks as he was when he filed his motion, the motion is now moot.

(Even if the motions had not become moot, they would have been denied. Ford failed to establish that his medical conditions were serious enough to support a sentence reduction. Under 18 U.S.C. § 3582(c)(1)(A), "a district court may grant a prisoner's motion for compassionate release [only] after determining that (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) [18 U.S.C.] § 3553(a) sentencing factors weigh in favor of a reduction." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable Guidelines policy statement, § 1B1.13, is binding on this court.

*See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). Section 1B1.13 defines "extraordinary and compelling" as that phrase is used in § 3582(c)(1)(a). Under the version of 1B1.13 in effect when Ford's motion was filed, "the only medical conditions that rise to the level of extraordinary and compelling are as follows: if the medical condition (i) is a terminal illness or (ii) 'substantially diminishes the ability of the defendant to provide self-care within' prison." Id. (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)).* Ford did not establish that he had a terminal illness or that his medical conditions were severe enough to substantially diminish his ability to provide self-care in prison.)

    DONE, this the 11th day of January, 2024.

                              /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**

---

    * An amended version of § 1B1.13 went into effect on November 1, 2023. As the motion for sentence reduction is moot, the court need not address whether he would qualify under the amended policy statement.

3

**4**